Good morning you may proceed. I'm Jeff Rosenzweig from Little Rock. I represent Mrs. Mann, Sangeeta Mann with regard to this matter. As I understand first the government is no longer claiming for itself an interest in the 93 firearms and Judge Miller got the issue right on the question of whether Mrs. Mann had done anything herself to lose an interest in it and Judge Miller was correct on that. The question then of course becomes whether or not she's entitled to half the proceeds of the sale. Now there's no question that if they were getting divorced and that she would be entitled to half the assets of it. The problem we have here is they're not getting divorced although actually years ago a divorce petition was still married. The question is whether or not Arkansas law at this point permits her to get half the interest. Another way of saying it is it protects her share against Dr. Pierce's attempt to gain all the weapons. The weapons were generally titled as we understand it in the name of exotic weaponry. They were weapons that required a license to hold and even though they were purchased with marital funds they could not, she couldn't own them because she didn't have or have any interest in getting a firearm license. The Arkansas case which Dr. Pierce relies on does have language that does not help us at all. However it is our position that that is factually inapposite to the facts of this case. That was a probate case not a and involved an implicit approval of the spouse's conduct that was not the case here and therefore we take the position that Arkansas law is not as clear as Dr. Pierce would have it seem to be and thus the appropriate circumstance in this case considering Arkansas law on the question of equity abhorring a forfeiture on the question of an innocent spouse being protected that the appropriate thing would be for this court to certify the matter to the Arkansas Supreme Court for a determination of Arkansas law. I've got a question. Yes sir. And this may, I'm not sure whether your client really, this really bears on your client but this is a forfeiture action but yet the court determined that grounds for forfeiture were not present. Why didn't that end the district court's involvement in the case? How did the court have jurisdiction to do anything, order anything, take any action with respect to this property having found that it was not subject to forfeiture? Well your honor that's a good point. The question and of course one of the other issues was whether the forfeiture action was even timely brought or not and Judge Miller did not rule on that point. That's another reason why the matter should be certified to the, we submit certified to the Arkansas court. This doesn't have anything to do with Arkansas law. It's federal statute covering forfeiture actions and I read it, it says if forfeiture, that property otherwise subject to forfeiture, where property is otherwise subject to forfeiture and there are interests of other parties involved in the court can take certain actions. But I'm just puzzled and interested in this question. Does the court even have, I would say it would be a jurisdictional issue. Does the court have jurisdiction to take any action with respect to the property if it decides it's not subject to forfeiture? Well your honor. I mean you don't have to. I understand. I just wanted to bring that up and hopefully someone will be able to help. Maybe I'm You had all the, you had all the claimants there. Dr. Pierce, I'm just sort of speculating here. Dr. Pierce was there. All the claimants were present and they had been seized by the federal. Yes. I understand that the intervener appears and the intervener asserts an interest in the title, right? So the intervener at this point has intervened, Dr. Pierce, asserting an interest in the title to the guns as a result of a judgment lien. Yes. Right? Now I presume, but I have not studied the Arkansas law of judgment liens, but I presume that a judgment lien is a general lien that attaches to all of the property, real and personal, that someone belongs, that belongs to a judgment debtor, but that some fact has to be made to execute on it, which happened in this case. There's an execution. It comes back unsatisfied. Does the intervener have standing or is there jurisdiction for the intervener in this circumstance to assert an interest in the firearms in this action? Well, um, I, I, I'm not sure. I'm not sure exactly how to, how to answer that question. I would say no, that he is, that, uh, that they are not, uh, he, he should not be entitled to, or at least not entitled to Mrs. Mansell. But once they're seized by the government, can he, can he levy on them? Did he levy on them? Well, you know, uh, uh, Henderson, um, the U S Supreme court case held that just because that, that, uh, uh, an owner, uh, of firearms, nonetheless, uh, although they couldn't have, or if he didn't, even if he didn't have the right to possess it did have the right, uh, to, uh, you know, possible right to, uh, to some of the proceeds or he could control where they went. Uh, so, uh, Well, it looks to me like judge Miller just sort of presumed that since the intervener showed up and they had a judgment lien and the lien is for hundreds of millions of dollars, that it would cover these assets and that the assets ought to go to the intervener. Um, you assert not that that's not true, but that your client should get half. That's correct. Okay. Yes. Very well. Good morning, mr. Simon. You may proceed. Your honor. May it please the court. My name is John Williams, Simon, and I represent dr. Ran deep seeing man in this action. And because the, the plaintiff United States has invoked the Rooker Feldman doctrine, which would go to the jurisdiction of the district court and of this court. To pass on several of the questions that, uh, that it's, I expect that it's going to one way or the other. Uh, I, I feel obliged to address that first because it's logically prior. Now plaintiff has, um, invoked Rooker Feldman, uh, or, uh, to dr. Um, whole story was trumped up, um, and, uh, just to stop him from completing the showing that would actually persuade a court to act on it. But Exxon mobile, um, which the plaintiff sites on plus song cut Rooker Feldman back to actions in which a plaintiff losers in state court. And then the plaintiff files in federal court, uh, seeking to overturn the state action. Exxon mobile makes clear that in under the legitimate scope of Rooker and Feldman, it's focused on at the action of the level, uh, the, the, the action, the level of the action. And it's focused on the plaintiff rather than someone who raises an issue of federal law in the federal case. Um, it, it, uh, it confines Rooker and Feldman to the situation where the, the constitution and it's, uh, implementing statutes, uh, define the, the, the, the jurisdiction of the respective courts. And Exxon mobile recognizes that there are plenty of cases in which there are parallel state and federal actions going back and forth and that, uh, the, the, the, the, the statutes do not envision some kind of jurisdictional bar plaintiff. United States filed this case and Dr. Pierce brought his state action. Um, and here it is Dr. Pierce who put the federal, uh, the, the, the, the, the, the federal conviction into play in state court. The federal conviction came first. The, uh, the state action, uh, the, the state action was filed after Dr. Mann was indicted for the count that the, uh, Dr. Pierce, uh, persuaded the state courts were, um, claim it issue preclusive of the, not, not, not to, not, not to disrespect your argument, but my question is why does that really matter? They result. There's a verdict. There's a case tried, uh, to a verdict. The verdict is 122 million or something ridiculously huge number. Um, the, uh, there's an attempt to execute on the judgment. A written execution is received. Uh, it comes back on satisfied, you know, um, I'm having a hard time finding a Rooker Feldman question here. That's going to somehow, uh, be a dispositive of the issues. Why am I wrong? Well, your, your honor, personally, I agree with, with you judge Erickson. However, it's something that if, if the plaintiff is right, then it's not a question of whether, uh, your view is correct or my view is correct or someone else's view is correct on the merits, but the court doesn't have jurisdiction to consider it. Now, uh, when the court is what you judge, but when, when you're talking about taking a state court judgment and applying it in federal court, which is what, what were, what occurred in the, in the case, in the, the court below and, and appeal, uh, 1724 90, uh, that is not governed by a jurisdictional rule, but by the full faith and credit clause and the implementing statute 28 U.S. code 1738. And under that, the federal court is obliged to apply claimant issue preclusion the way that a court of the rendering state would apply it. And in the reply brief, um, I demonstrate that Arkansas is one of the states where fraud on the courts is an issue about whether to apply a state judgment. In other words, um, um, uh, from my research indicates there are other states where it doesn't matter, but in Arkansas, it does matter. And this is critical to this appeal because one of the issues on this appeal is the denial of any discovery parallel to that, which Dr. Mann sought in the 2255 action in this civil forfeiture action. 2255 is the court's very well aware is an extremely limited remedy. Discovery is at only at the court's discretion and not by default. Um, there's a certificate of appeal ability requirement. Uh, there is a truncated, uh, fact bill of development process in the district court and the truncated process of fact review in this court, uh, in the civil forfeiture. I mean, if responding to discovery was what the plaintiff considered a nuisance, it came to the nuisance by filing these suits over 93 firearms and parts plus one shotgun. Uh, they opened the door to discovery and under Arkansas law, whether to enforce the $122.5 million judgment, uh, was a matter that, uh, which fraud on the courts would have been relevant in an Arkansas court. And therefore it's relevant in the fed in a federal district court when someone brings that judgment across the street to the federal courthouse and tries to enforce it. So succinctly tell me what this fraud on the court was. I'm sorry. Succinctly tell me what this fraud on the court was. It was extrinsic fraud that kicked off the action by relying on planted evidence to search and arrest Dr. Man. Uh, it's demonstrated in the addendum to the brief. In this case, uh, it was, uh, it was all, it was more fully demonstrated in three sets of declarations. Were not those issues resolved by the trial in the direct appeal? I'm sorry. Were not those issues resolved by the trial and the direct appeal on the criminal? No, no, no. Your honor, they, they weren't, they, they, they weren't raised on trial and direct appeal. They were raised and were rejected in the post conviction relief proceeding. But again, that was subject to, uh, first of all, zero discovery, despite our requests for discovery backed up by, uh, by a declaration from Dr. Fred Whitehurst. Um, second, it was bad. It was the, in that, in the 2255, the district judge ordered trial counsel and direct appeal counsel to collaborate with the prosecution, uh, without judicial supervision or the opportunity for objection, uh, to provide data and argument for their response to show cause. Once again, it wasn't simply truncated. The fact finding process in the 2255 wasn't simply truncated, your honor. It was denatured. And this, this civil for, these civil forfeiture actions opened the door to normal discovery and to the allowance, to the consideration of the commingling as an epistemological issue and not just an ethical issue. Now I stress, I've got to stress the ethical end of it. I don't mean to slight that, but this isn't a question of whether someone committed a foul in suborning or providing that information. It altered the evidentiary picture to Dr. Mann's prejudice in the 2255 because the, the, the, the trial court judge, who's the, the deciding judge in these two actions and the 2255 action, the, the trial court judge relied heavily on affidavits generated by the, uh, prosecutors and trial direct appeal counsel. Ex parte, uh, in coming to his conclusion, uh, that there was no evidentiary hearing needed because trial direct appeal counsel had made strategic judgments, uh, that Dr. Mann could not second guess. And you, have you had a chance to think about my question of how the district court, uh, could have jurisdiction over this property once it found that forfeiture, um, was not warranted in the case? Your Honor, I don't believe that it had jurisdiction once forfeiture was, uh, once it found it couldn't forfeit. In my view, the, um, the, the plaintiff United States. Well, did anyone raise a question about the authority or the jurisdiction of the court to continue or the authority of the court to order disposition of the, of this property after it concluded that forfeiture was not warranted? Was that raised below? I didn't find it. The way that this came on, Your Honor, is that that decision was in the final judgment. And I'm not, I'm not sure that every single issue that should have been raised in the post judgment motions was, but it had been our position that the, the, uh, that the plaintiff. Well, I'm not sure it was, it would, could have been raised before the court found that forfeiture was not warranted. But once, once it made that finding, um, did anybody raise this issue with the court after it made that conclusion? I'm no, I do not believe so, but Your Honor, I don't think that's fatal because it goes to jurisdiction. It goes to subject matter jurisdiction. And just like, just like the plaintiff can bring up Rooker Feldman and it's brief, I can bring that up and all argument and the court can bring it up from the bench. And I appreciate the courts doing so because it troubled me. Well, I may not be correct. I'm just, I'm asking the question. Well, Your Honor, I, I still appreciate the court's point. It seems to me that what they're, they're likely to argue, um, is that, uh, by intervening, um, that the intervener is asserted an ownership interest. And it is the result of, um, a judgment lien. Why are they wrong? And it's, is it just this rot on the court thing? It's, it was what? Um, they've asserted a judgment lien, so they assert an interest in title on these guns. They do that and they're wrong. And what I'm trying to figure out, do you have any reason why they're wrong other than this fraud on the court argument? The jurisdictional argument among other things. Your Honor, I, sir, I see my time is up. Yes, it is. Thank you. Thank you, gentlemen. Okay. May it please the court. I'm Robert Kearley representing Dr. Trent Pierce, the intervener. Good morning. You may proceed. Good morning. Um. Well, you've heard our questions here. Yes, sir. My colleagues, uh, do we have problems of jurisdiction? Uh, I don't know the answer to that, uh, Judge Woolman. It's not something that came up in the court below. I'm here today to protect and preserve my client's interest by virtue of the $122.5 million judgment that he was awarded against Randy Mann. And to collect that judgment, one of the things that we have done is to register it everywhere that it was necessary and to, uh, serve a writ of execution against property that we knew was, uh, titled in Dr. Mann's name, including these 93 NFA regulated weapons that are at issue here. Um, I was prepared today to address Sanjita Mann's claim, which I think is without foundation under Arkansas law, which I believe is clear. We have a statute that defines marital property, and that statute says on its face that it applies. This statute provides for the purpose of this section. Marital property shall be distributed one half to each party at the time a divorce decree is entered. And the case law says that it has no application outside the context of a divorce. There's been no divorce here. So that should dispose of Sanjita Mann's claim against these assets. Dr. Mann and all of his property are subject to the judgment len of Dr. Pierce's judgment. We did what we are required to do under the law to execute on this property by having a writ of execution served on the custodian, which was a representative of BATF&E in Little Rock. And the lower court found that the judgment len was perfected by that action. The statute under which we were proceeding, Arkansas Code 1666.1.12, says that an execution shall be a len on property or goods or chattels or rights or shares of stock or any real estate once the writ of execution is issued. So we have done all that we can do on behalf of Dr. Pierce to protect his interest in pursuing his judgment, collecting his judgment against this property. And we were more or less summoned into the federal court to do that when this forfeiture action was filed. Dr. Pierce was named as a claimant. We filed a verified claim. The matter was submitted to the court upon stipulated facts and briefs. And after that, the court found that Dr. Mann's ownership interest was eclipsed by this judgment len and that Sanjita Mann had no articulable interest under Arkansas law based on marital property or a claim of equity. And that the property should be sold and the proceeds awarded 100% to Dr. Pierce, which, of course, we applaud and hope the court will affirm. Here's my question. You've just confirmed what I thought I've read in the record is that there was a lien. It was perfected. There was a claim made in the forfeiture action, which happens every single day. Federal courts adjudicate those claims every single day. The question is, in my mind, is does the court have the right to direct the sale of these firearms? Because they can't be delivered to your client because he doesn't have an NFA, National Firearms Act, firearms dealers license, class three license, right? And so they've got to go to someone that's got the appropriate license. Or is the appropriate thing that they be remanded to the state authorities for sale? And I just don't know Arkansas law of execution. I mean, the question is, can the federal court under Arkansas law order the execution on this lien, foreclose it, and direct the sale and the proceeds delivered? Or does that have to be done by an Arkansas state court? And if not, why not? Judge Erickson, I have to say that I'm not prepared to answer in an informed way that question. I can tell you that. Well, I don't have an informed way to ask it either, so it's all OK. What sets this fact situation apart is that these are NFA regulated weapons. They're in the hands of BAT, F&E, and not just anybody can go in and take them, whether they've got a claim against them or not. They've got to be transferred in accordance with regulations and in accordance with the law. I suppose that a way that they could be approached would be through a writ of habeas corpus, and they could come under the federal court's jurisdiction in that fashion. I can tell you in direct response to your question that Arkansas law is poorly equipped to deal with this because of the peculiar circumstances. And my understanding of it is that when a writ of execution is served and property is actually taken in hand, the only thing the sheriff can do is sell it at the east door of the courthouse to the highest bidder, and that can hardly happen with 93 weapons of this nature. Again, we responded in the only way we could, assuming the court had jurisdiction. The guns are currently under the jurisdiction of the court and in the custody of the government, and we ask that this court affirm the lower court in all respects. Thank you. Thank you. Thank you for your argument. You certainly clarified things that were not clear in my mind. Maybe they're still not, but you've certainly clarified the issues for me. Thank you. Mr. McCree? Good morning, sir. You may proceed. Good morning. May it please the court. I'm Cameron McCree, and I'm an AUSA, and I represent the United States in these matters. Judge Shepard, to your question, I believe that the district court does have jurisdiction to resolve this matter, and the jurisdiction derives from Henderson v. United States. And in that case, the Supreme Court recognized that there are circumstances in which a felon can't possess weapons, but they still have the right to own them. And in those circumstances, rather than receiving the property back, the district court has the authority to order that property sold in the criminal case where a defendant asks that those proceeds be directed. Here, I believe this would be an analogous circumstance in which none of the three claimants can actually physically possess the weapons. Dr. Mann and Mrs. Mann are felons, so they don't have the right to possess them, and Dr. Pierce can't possess them because he doesn't have the required license. And in this circumstance, all three of those claimants were asking that the district court exercise its authority under Henderson to sell the firearms and to direct the disposition of the proceeds of that sale to the respective claimants. Was that a forfeiture case? Henderson v. United States? That was a criminal case, and it had been derived under the criminal forfeiture statutes. Pardon? It was a criminal case, and it was concerning the criminal forfeiture statutes. And was it determined that forfeiture was warranted? In Henderson, Your Honor? Yes. No, Your Honor. And that was the concern. Previous to that, this court had case law stating that the property wasn't forfeited to the government, but the defendant was a felon. In those circumstances, the court basically said that because the defendant is a felon, they lose the right both to possess the weapon but also to own the weapon. The Supreme Court in Henderson said that that case law was an error in that the felony conviction only takes away the right to possess the weapons, and Henderson provided a right to still own the weapons without being able to possess them. In this circumstance here, the concern the government has about the district court's authority is that if the weapons are not forfeited in the machine gun case, the district court still has to decide what to do with them. They're in the custody of the district court at this time, and so if they're not forfeited, the district court has to do something with them. It cannot give them physically back to Dr. Mann, Mrs. Mann, or to Dr. Pierce, and so the district court has to do something, and the only thing that it's doing in this circumstance is what all three of the claimants are asking that it do, which is sell the property. And I'll admit that the government is opposed to a sale, but we also acknowledge that because we have not appealed the order, we can't ask this court not to order a sale. And so what happens here then is that pretty clearly if they have no right to possess, no one who's made a claim has the legal authority to possess, then you've got to sell these firearms because that's what's left on the table, you say, right? Yes, Your Honor. And so if the proceeds are going to go to Dr. Pierce, it can only go to Dr. Pierce because his interest in the firearms at this point is real and enforceable and not just merely theoretical, right? Yes, Your Honor. And you would concede that given the judgment lien and given the execution and the levy and the attempted execution on these firearms, that Dr. Pierce has an ownership interest in the proceeds of these firearms to the extent of $122.5 million? Yes, Your Honor. I believe that judgment lien does create a property interest that the court can recognize. All right. And, Your Honor, to the issue about the fraud on the courts, I would just submit to the court that in the criminal case where Dr. Mann was convicted, the jury in that case found that he was guilty of the offense of which he was indicted. This court affirmed that conviction. He was able to collaterally attack the conviction and also his attorney's work on that case. In that case, discovery was not allowed, but that was reviewed under the standard that's allowed in a 2255 case. This court has reviewed that decision of the district court and affirmed the district court's decision not to allow discovery. Those cases must stand alone as a civil forfeiture case must stand alone. So if the civil forfeiture did not exist, Dr. Mann would not be entitled to discovery. Simply because this case exists doesn't mean that he's entitled to discovery, to collaterally attack a conviction that has been affirmed by this court twice. Let me ask you. I was looking at the Henderson case. The proceedings we have on appeal are not appeals of criminal matters. The criminal case against Dr. Mann and Mrs. Mann has been concluded. Yes, Your Honor. It was a separate forfeiture action. Do you think that the Henderson case, which speaks to what happens to contraband-type material after a criminal case comes to a conclusion, do you think it supports what the court did here, even though this is not a criminal proceeding? This is separate, three separate forfeiture appeals. Yes, Your Honor. I think it does control just because the issue of concern is still the same. Because the court is left with two options in this particular case. Either the claimant can lose their full right to own the weapons and not receive them back because they're felons, or the court can order that the weapons be sold and that they receive the value of those weapons back. And the district court here, I think, is in between a rock and a hard place because it's left with the physical custody of the weapons, and it can't simply give the physical custody back to the person from whom they were seized. My question is, why would the court understand that that's a concern out there? Perhaps it's a concern of the United States, but why is it a concern of the court? Why shouldn't the court just say, this property is not subject to forfeiture? Pursue other remedies. And then the United States, as the possessor of these weapons, can proceed otherwise. And I would submit that currently these weapons are under the custody of the court. There was an arrest warrant that was issued that gave the court in-rim jurisdiction over this property. And when the court dismisses the action, it has to do something with the property. And it would be similar to a defendant who has a writ from state court issued for his arrest, and his federal conviction was invalidated. The federal court would have to say where that person goes. If they fall to that writ, then it's not the federal court acting as a state court. It's simply acknowledging a writ that exists from another court. And I think that's the same that's happened here, is that a state court has issued a writ for these weapons, and the federal court is saying, I'm not forfeiting them, but I'm recognizing that a different court has said that these weapons should be given to Dr. Pierce. Well, at the end, isn't this really a case, if you think about it, is what you've got going down is this, is that these are firearms that were not involved in the commission of the underlying criminal offense. They are not proceeds of the underlying criminal offense. And so what they are is they're merely contraband because of the lack of licenses that are being held. And so without the proper license, you can't own them, right? Now, the government commences the forfeiture action. Dr. Pierce intervenes. He basically says, I have an ownership interest in the guns. I acknowledge that I do not have a possessory right because of the nature of the firearms involved in this case, and therefore they ought to be sold, right? That's what he's asking. So that's exactly how it's all framed up. Now, the court says they're not subject to forfeiture on a criminal basis because they weren't involved in the criminal act and they're not proceeds of criminal conduct, and they're only not able to be possessed by any of the people that have actually been involved here. But I still have to figure out what happens to them. The judge says we'll sell them and then distribute the proceeds, and they make the determination that the $122.5 million judgment lien is superior to any ownership interest of any other person. And Mrs. Mann has intervened saying that, well, she should be entitled to half of it because she's not a wrongdoer and that her interest has not been forfeited, right? Yes, Your Honor. And ultimately, the issues that we have to decide then is, first of all, was the judge within his authority to actually make the order of distribution, right, to sale and distribution of proceeds? And second, if so, who gets the money? That's correct, Your Honor. And I would submit that the government's position is not asking this court to affirm the order asking for the sale, mainly because the government is still opposed to a sale. We recognize that as not being an appellant ourselves, we can't ask for a review of that order. But to the point of whether the district court had the jurisdiction to order it, the government believes that there was jurisdiction. As I recall in the criminal case, the criminal case had to do with the bombing. Yes, Your Honor. Right? And also the – These things were discovered during the course of that investigation. Yes, Your Honor. And our position at the trial was that Mrs. Mann created a separate criminal violation in possessing the weapons illegally. And in our exercise of prosecutorial discretion, we felt that it was not a criminal case that should be brought, but rather it should be a civil case to address the government's interest. And so we submitted that there was a crime that was committed. The district court found that it wasn't. But doesn't that make a big difference that the government elected to go civilly on a civil forfeiture rather than in the context of the criminal case? I'm sorry, Your Honor. Doesn't that make a difference under Henderson that you proceeded on these weapons civilly instead of within the criminal case? I think in the context of this case, no, Your Honor, it would not make a difference simply because the court would be in the same position as it would be if this was a criminal case because it's still left with property that it can't give back to its titled owner simply because of the nature of the weapons and then also because of the titled owner's felony conviction. And if Dr. Mann was not a convicted felon, perhaps we wouldn't be in a situation where Henderson applied. But because he is, the district court has to make a determination about where the physical weapons go. Why wouldn't it be appropriate for the court to simply say forfeiture is not warranted? Because the United States, you have the end of the case and then it would be up to the United States to decide what to do with this property. And state law in Arkansas has remedies available for the disposition of property that cannot be legally possessed by claimants. And, Your Honor, if that's where the court comes down, that's certainly one option is that the United States makes that choice. But the United States was asking to keep these weapons in its own possession. And the district court found that that was not appropriate. And under these circumstances, I think the district court is trying to figure out where this property goes once the United States loses in this particular case. And we just acknowledge that there's certainly a concern the district court is trying to resolve in that it can't give the property back to Dr. Mann physically. Who could, at this forfeiture sale, who could buy them? Your Honor, I believe the procedure that the district court is considering is appointing a special master. And the weapons would be in the title of the special master. That's something that awaits the day. Yes, sir. Will anyone with the right Class III firearms license could hold these? Are these all? That's correct. And I believe what would happen is that the weapons would stay in the physical custody and the title of the special master until the person who purchases them follows through the full regulations to complete the sale. And, of course, the government's position was you opposed the sale, but you did not appeal that decision? That's correct, Your Honor. Well, that's because, you know, you assumed that you were going to win the forfeiture. And if you won the forfeiture, you'd destroy these weapons, right? That's correct. Okay. And by not appealing, you say, well, we'll no longer have any right to destroy them, but we still can't give them to anybody that doesn't have the right license to hold them, right? Correct. And so if the court were just to send this thing back, what ends up happening, somebody has to bring an action to repleven them, if that's appropriate under Arkansas law, or make some other kind of ownership interest against them. And some Arkansas court's going to have to figure out what happens to them, but they still wouldn't go to anyone that didn't have the appropriate license and the ability to sell them, right? That's correct, Your Honor. And so the question, the jurisdictional question really is whether the United States District Court has the authority to dispose of these firearms in this action, as opposed to requiring some Arkansas court to do something. I would submit actually the question would be whether the district court had the authority to recognize an order that's already been entered by a state court, and the district court here was aware of the writ of execution at the time that it entered this order denying the forfeiture. And under Arkansas law, apparently the sheriff gets to sell them on the east door of the courthouse steps, which is kind of what it is in North Dakota. Is that true? I believe so, Your Honor, but I've never been involved in that situation, so I apologize. Yeah, that would all await the day, wouldn't it, if we affirm? I'm sorry? Pardon if we affirm? Sorry, Your Honor. What happens if we affirm the judge what's before us? I believe if the court affirms, then there will be a sale of the weapons, and the proceeds of that sale will go to Dr. Peters. A special master will be appointed to sell them. Correct, and if the court does that, the United States would ask, though, that the court only resolve the issues that are before this court, and that wouldn't include the issues concerning the actual forfeiture itself, whether it was appropriate under these facts or not. And so we'd ask that the court focus on the sale of the weapons, if that's the decision to affirm the court below. Very well. Thank you for your argument. Thank you, Your Honor. Is there any time remaining for rebuttal? Certainly not. Mr. Simon, do you want two minutes for rebuttal? We may have used your time, or you may have used it, but it's an interesting case, and state your position, if you would. Your Honor, in response to the court's permission, I just have a couple comments. One is that we just heard that when it comes to a verdict where the plaintiff prevailed, that verdict can't be touched anywhere. But when it comes to a verdict where Dr. Mann prevailed, well, that's another thing entirely. The fact is that on the ownership of the USAS 12, count four in the criminal case, Dr. Mann bore the burden of proof by the same quantum of proof that he would have borne it in a civil forfeiture proceeding. He met that burden of proof not, as plaintiff has argued, from the arguments of counsel, but from the evidence tendered by the plaintiff, from recordings they played thinking they would do more harm than good, but that, as frequently happens in the real world, blew up in their face. What we have here is a situation where the Sixth and Seventh Amendments were in play, and Dr. Mann is calling on this court to enforce them when they run in his favor and to abide by the Sixth Amendment guarantee to the effective assistance of counsel when it comes to the failure to raise the problem about the so-called hole that we were able to develop on post-conviction relief. Other than that, Your Honors, we stand on our briefs, opening and reply, and pray the court for its judgment that the denial of the goods be reversed. Thank you. Well, the case is submitted, and we will take it under consideration.